IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS BAIL, a.k.a. Tommie Lee Bail,[1]　　)
ID # 900894,　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)　　　　No. 3:04-CV-1401-P (BH)
　　　　　　　　　　　　　　　　　　　　)　　　　　　　　ECF
NATHANIEL QUARTERMAN,[2] Director,　)　　　Referred to U.S. Magistrate Judge
Texas Department of Criminal　　　　　　)
Justice, Correctional Institutions Division,　)

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementa-

tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The

findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice -

Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus

pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated assault in

Cause No. F99-02003.  Respondent is Douglas Dretke, Director of TDCJ-CID.

On December 9, 1999, petitioner was convicted of aggravated assault and sentenced to

twenty-five years imprisonment.  *See Bail v. State*, No. 05-99-02129-CR, 2002 WL 57189, at *1 (Tex.

App. – Dallas Jan. 16, 2002) (setting out relevant background information related to challenged

conviction).  That same day, he filed a notice of appeal with the trial court.  *See Bail v. State*, No.

---

[1]  The Clerk of the Court is directed to note petitioner's alias on the docket of this action for record-keeping purposes.

[2]  On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division.  The Court thus substitutes him for Douglas Dretke.  *See* Fed. R. Civ. P. 25(d)(1).

05-99-02129-CR, http://www.courtstuff.com/FILES/05/99/05992129.HTM (docket sheet information generated July 12, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas) [hereinafter State Docket Sheet].   On December 6, 2000, the Texas Court of Criminal Appeals dismissed petitioner's first state application for writ of habeas corpus due to the pendency of petitioner's appeal.   *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1868667 (accessed July 18, 2006).

After the court of appeals affirmed petitioner's conviction on January 16, 2002, *see Bail*, 2002 WL 57189, at *1, it granted petitioner an extension of time to April 16, 2002, to file a petition for discretionary review (PDR), *see* State Docket Sheet.  Petitioner filed such petition after the deadline. *See id.*  In May 2002, the Texas Court of Criminal Appeals dismissed the petition for discretionary review as untimely.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=118738 (accessed July 18, 2006).   On January 1, 2003, petitioner filed a second state application for petition for writ of habeas corpus.  (Pet. Writ of Habeas Corpus (Pet.) at 3.)  The Texas Court of Criminal Appeals denied that application on September 24, 2003.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2135321 (accessed July 18, 2006).

Petitioner filed the instant petition on June 22, 2004, when he signed it and placed it in the prison mail system.  (Pet. at 10); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  He claims that (1) the trial court erroneously instructed the jury; (2) the trial court imposed an invalid sentence; (3) the trial court sentenced him without jurisdiction because he was

charged and arrested in Collin County, Texas; (4) his trial attorney rendered ineffective assistance at and before trial; (5) his appellate attorney rendered ineffective assistance during and before his appeal; and (6) insufficient evidence supports his conviction. (Pet. at 7-9; Mem. Supp. at 1-47.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D)

the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no timely PDR, despite a granted extension of time to do so. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, on April 16, 2002, the date to which the court of appeals extended the deadline for such filing. *See Roberts v. Cockrell*, 319 F.3d 690, 692, (5th Cir. 2003). Petitioner's state judgment of conviction thus became final on April 16, 2002. With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on April 16, 2002. Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his June 22, 2004 filing untimely.

## III. TOLLING

AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his second state habeas application[3] was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652

---

[3] Petitioner's first state application does not toll the limitations period for two reasons: (1) it was not properly filed, *see Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final), and (2) it was not pending when the limitations period commenced.

(N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his second state petition on January 1, 2003, he had used 260 days of the year he had to file the instant federal petition. Nevertheless, the filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on September 24, 2003. The AEDPA clock began to run again on September 25, 2003, and expired in early January 2004. Petitioner did not file the instant petition until June 22, 2004. Accordingly, the statutory tolling provision does not save the instant federal petition.

Further, petitioner provides nothing which indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). In the absence of equitable tolling, the June 22, 2004 filing falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 19th day of July, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6